# Robinson Machine Company *v.* Hazel Kirk Gas Coal Company, Appellant.

*Evidence—Parol evidence—Written agreement—Question for jury.*

In an action to recover the price of a fan and engine and belt for connecting the engine with the fan, purchased under a written agreement which specified a certain capacity, where it appears that the fan furnished

was not of the specified capacity, plaintiff may introduce evidence to the effect that a duly authorized agent of the defendant orally agreed that the contract should be modified so that a direct instead of a belt connection should be installed, and that in consequence of the change the capacity stated in the written contract should not be required, but that there should be no change in the price. Such evidence is for the jury, and is sufficient to sustain a verdict for the plaintiff for the whole contract price.

Argued Oct. 21, 1902. Appeal, No. 156, Oct. T., 1902, by defendant, from judgment of C. P. Washington Co., Feb. T., 1902, No. 4, on verdict for plaintiff in case of Robinson Machine Company v. Hazel Kirk Gas Coal Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit to recover the price of a fan and engine. Before McIlvaine, P. J.

At the trial it appeared that on October 10, 1900, the Robinson Machine Company agreed in writing to furnish and deliver to F. N. Kirk a ten-foot fan, together with engine for driving same, and belt for connecting engine with the fan. It was covenanted that the fan should produce 150,000 cubic feet of air at a three-feet water gauge. The price was $1,200. Kirk subsequently organized the defendant corporation, which assumed the contract. At the trial it appeared that the fan furnished was not of the capacity stated in the agreement. The plaintiff offered testimony that H. J. McCracken, the general business manager of the defendant, had orally agreed that the contract in writing should be modified so that a direct instead of a belt connection should be installed, and that the capacity stated in the written contract should not be required. The change, however, was not to affect the price mentioned in the written agreement.

On the motion for a new trial the court filed an opinion as follows:

An examination of the testimony in this case will show that there was evidence that the defendant company, by its agent duly authorized to act for it, consented to a change of the original contract, and it would have been error to have instructed the jury that there was no such evidence and that their verdict should therefore be for the defendant. It was a case for the

jury and if they believed the testimony of the plaintiff there was evidence sufficient to support the verdict they returned. They being the judges of the facts of the case and the credibility of witnesses, it is not for the court to say they should have adopted the theory of the defendant company and given controlling weight to the testimony of its witnesses. It would not have been unreasonable to have done so, but we cannot say that the jury made such a palpable mistake of judgment in doing so as would justify the court in setting aside the verdict.

As to the fifth reason assigned in support of the motion for a new trial, it is only necessary to say that the court did charge that the recovery, so far as the fan and engine were concerned, must be for the whole claim or nothing; but this was not only in accordance with the theory of both sides of this case as manifested during the trial, but in accordance with the defendant's theory, as evidenced by the points for instruction presented by its counsel. The defendant expressly repudiated the claim that the plaintiff could recover for a portion of the price of the fan, and insisted that he could only recover the contract price, and that after satisfactory proof of the performance of his part of the contract.

And now, July 29, 1902, motion for new trial overruled.

Verdict and judgment for plaintiff for $1,729.69. Defendant appealed.

*Errors assigned* were in admitting the parol evidence of the modification of the written agreement, in instructing the jury that the verdict must be for the entire price of the fan or nothing, and in refusing to instruct the jury that plaintiff was not entitled to recover anything on account of the fan.

*T. F. Birch*, with him *Charles G. McIlvain* and *Harry A. Jones*, for appellant.

*James I. Brownson*, for appellee.

PER CURIAM, November 10, 1002:

The judgment is affirmed for the reasons stated in the opinion of the learned trial judge, refusing a new trial.